IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALVIN PARKER, | ) | |
|          Petitioner, | ) | |
| v. | ) | Case No. CIV-08-769-D |
| | ) | |
| GREG PROVINCE, WARDEN, | ) | |
| | ) | |
|          Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Petition has been promptly examined. For the reasons set forth below, it is recommended that the Petition be summarily denied.

**I.     Background**

Petitioner is currently in the custody of the Oklahoma Department of Corrections incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. He is serving a 199-year sentence on his conviction of Second Degree Murder, Case No. CRF-85-698, District Court of Oklahoma County, State of Oklahoma.

In February 2008, Petitioner filed an application for post-conviction relief in the District Court of Oklahoma County claiming newly discovered evidence existed which demonstrates Glenn Briggs, his accomplice and a key witness for the prosecution, testified falsely at Petitioner's trial. The state district court denied Petitioner's application, finding it to be frivolous. The court stated that this was Petitioner's ninth application for post-

conviction relief and entered an order for Petitioner to show cause why he should not be sanctioned. Thereafter, on April 3, 2008, the state district court entered an order imposing sanctions against Petitioner, observing that the court had sanctioned Petitioner on three prior occasions for filing frivolous pleadings. *See* Petition, Attachment 2, Order Imposing Sanctions. The court rejected Petitioner's claim of newly discovered evidence noting that "the unreliability of the witnesses at his trial are not new issues" and that "[t]hese claims have been *extensively* litigated and *repeatedly* denied on direct, appellate and collateral review." *See id.* at 1 (emphasis in original). The Court imposed the following sanctions: (1) $3000 to cover costs of attorney's fees and costs, court clerk's costs and the court's time and expense; (2) the loss of 720 earned credits; and (3) removal of all Petitioner's non-essential personal property for nine months. *See id.* at 2.

Petitioner appealed the district court's order imposing sanctions to the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed the imposition of sanctions. The OCCA found the imposition of sanctions was statutorily authorized pursuant to Okla. Stat. tit. 57, § 566 (2002), and that the district court did not abuse its discretion in imposing sanctions. *See* Petition, Attachment 1, OCCA Order Affirming Sanctions Imposed by the District Court of Oklahoma County.

## II.     **Petitioner's Claim for Federal Habeas Corpus Relief**

In this habeas action, Petitioner brings a single claim for relief. He alleges the evidence is insufficient to support the imposition of sanctions, citing the Fourteenth Amendment to the United States Constitution. As relief, Plaintiff seeks a reversal of the state

district court's order imposing sanctions, reinstatement of the 720 days earned credits, reimbursement of monies paid and restoration of all non-essential personal property.[1]

### III.   Analysis

#### A.   Characterization of the Petition

Petitioner has filed this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. However, he is not challenging the validity of the conviction and sentence entered in Case No. CRF-85-698. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 1995) (a challenge to the validity of a conviction and sentence is properly brought under § 2254). Instead, liberally construing his petition, by requesting reinstatement of the 720 earned credits that have been revoked, Petitioner is challenging the execution of his sentence. Therefore, his petition is construed as a petition brought pursuant to 28 U.S.C. § 2241. *See, e.g., Dulworth v. Evans*, 442 F.3d 1265 (10th Cir. 2006) (state prisoner's habeas petition challenging demotion in security class level which affected his ability to earn credits was properly brought pursuant to § 2241 as a challenge to the execution of his sentence).[2]

---

[1]To the extent Petitioner asks this Court to reconsider the state court's determination regarding the imposition of sanctions as a matter of state law,  Petitioner is confused about the function of this Court and its limited role in habeas corpus proceedings.  This Court does not sit as a "super appellate" court to review state court decisions on matters of state law.  *See Robinson v. State of Oklahoma*, 404 F.Supp. 1168, 1170 (W.D. Okla. 1975). Rather, federal habeas corpus relief exists only to remedy violations of a petitioner's federal constitutional rights.  *Mabry v. Johnson*, 467 U.S. 504, 507 (1984); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979).

[2]A Rule 4 dismissal is proper even though the Court construes the Petition as a § 2241 challenge to the execution of his sentence. *See Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's
(continued...)

B.     **Fourteenth Amendment Due Process Rights**

"The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law. Although their due process rights are defined more narrowly, that guarantee applies to prisoners as well." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005), *cert. denied*, 127 S.Ct. 158 (2006). "It is well settled" that an inmate must be afforded due process prior to the revocation of his earned credits. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir.1996).

Petitioner claims the evidence was insufficient to support the state district court's imposition of sanctions and, therefore, his due process rights have been violated. Although not precisely fitting the contours of Petitioner's claim, the analogous situation in which a prisoner challenges a prison disciplinary conviction resulting in the revocation of earned credits provides a framework for analysis. To comport with due process, a disciplinary conviction must be supported by "some evidence." *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). In applying this standard, the court is not required to undertake "[an] examination of the entire record, [an] independent assessment of the credibility of witnesses or weighing of the evidence." *Mitchell*, 80 F.3d at 1445 (internal quotation marks omitted). "Instead, the relevant conclusion is whether there is any evidence

---

[2](...continued)
§ 2241 petition) (*citing* Rule 1(b) ("In applications for habeas corpus in cases not covered by [§ 2254], these rules may be applied at the discretion of the United States district court.")).

that could support the conclusion reached by the [authority imposing the sanction]." *Id.* Even "meager" evidence may be sufficient. *Id.*

The state district court imposed sanctions pursuant to Okla. Stat. tit. 57, § 566.[3] Under that statute, an inmate who files a frivolous or malicious action is subject to the imposition of sanctions. Okla. Stat. tit. 57, § 566(C). An action is frivolous if it has "no reasonable basis in law or fact" or is "maintained solely or primarily for delay or to harass the party filed against." *Id.* § 566(B)(1). An action is malicious if the inmate has filed numerous actions or brought actions "in bad faith on de minimus issues." *Id.*, § 566(B)(2).

The district court's order reflects its finding that Petitioner's claim regarding the unreliability of the witnesses at his trial had been extensively litigated and repeatedly denied. The district court also noted that Petitioner had previously been sanctioned three times for filing frivolous pleadings. In addition, the district court's order included a finding by the OCCA that Petitioner had attempted to appeal his conviction in Case No. CRF-85-698 "no fewer than 11 times." Based on these facts, the district court found Petitioner's action was frivolous and imposed sanctions. Petitioner does not dispute the district court's findings as to his extensive and repetitive litigation, and those findings constitute "some evidence" to support the imposition of sanctions.

Petitioner claims that the state district court erroneously determined that he had previously challenged the trial testimony of Glen Briggs. According to Petitioner, in his

---

[3]Petitioner does not challenge the state district court's authority to impose sanctions pursuant to this statute, but only contests the court's factual basis for imposing those sanctions.

direct appeal, he challenged the testimony of a different witness, Oscar Henry Branhan. Therefore, Petitioner claims principles of *res judicata* should not have been applied.

Petitioner's argument is misplaced. The district court did not impose sanctions based on a finding of *res judicata* but instead imposed sanctions based on Petitioner's extensive and repetitive litigation. Petitioner is challenging in this action only the district court's imposition of sanctions. To the extent he attempts to bootstrap a challenge to the conviction in Case No. CRF-85-698 based on newly discovered evidence regarding the veracity of Mr. Briggs' testimony, such attempt is impermissible in this action.[4]

In sum, Petitioner's due process challenge to the sufficiency of the evidence to support the state district court's imposition of sanctions resulting in the revocation of earned credits is without merit. His Petition, therefore, should be summarily denied.

## IV.    Pending Motion

After filing the Petition, Petitioner filed a Motion to Expedite Cause [Doc. #5]. Petitioner seeks "prompt" disposition of his cause. Based on the Court's Rule 4 review of the Petition, Petitioner's Motion should be denied as moot.

### RECOMMENDATION

It is recommended that the Petition, construed as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, be summarily denied. It is further recommended that Petitioner's Motion to Expedite Cause [Doc. #5] be denied as moot.

---

[4]Perhaps Petitioner seeks to bootstrap the claim due to the many procedural difficulties he faces in bringing a belated and successive challenge to his conviction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any objections should be filed with the Clerk of this Court by September  22nd , 2008. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this  2nd  day of September, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE