IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-08-769-D |
| | ) |
| GREG PROVINCE, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Valerie K. Couch pursuant to 28 U.S.C. § 636 (b)(1)(B)-(C). Judge Couch recommends upon preliminary review that the Petition, construed as one seeking a writ of habeas corpus under 28 U.S.C. §2241, be summarily denied. Petitioner, a state prisoner appearing *pro se*, has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks federal habeas relief based on a claim that his constitutional rights were violated by Oklahoma state courts in connection with an application for post-conviction relief, specifically, an order entered by the state district court on April 3, 2008, imposing sanctions for filing the application (Petitioner's ninth regarding a 1990 criminal judgment) and assessing a monetary penalty, a loss of 720 earned credits, and a loss of all non-essential personal property for a period of nine months. *See* Petition, Ex. 2, Order Imposing Sanctions ("Sanction Order") at 2. Petitioner raises a single ground for relief: "The evidence is insufficient to support the imposition of sanctions." *See* Petition at 3, ¶ 12. Analyzing this claim as a due process challenge to a

revocation of earned credits, Judge Couch applies the "some evidence" standard applicable to prison disciplinary decisions assessing such penalties. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir. 1996). Based on the facts recited in the sanction order, Judge Couch finds Petitioner's conduct in pursuing "extensive and repetitive litigation" challenging his 1990 conviction satisfied this standard and supported the imposition of sanctions. *See* Report and Recommendation [Doc. 7] ("Report") at 5.

Upon *de novo* review of the record, including the additional materials submitted with the Objection, the Court finds Petitioner's allegations of error by Judge Couch are either without merit or irrelevant to a resolution of the constitutional claim presented. Regarding the merits of his claim, Petitioner makes two arguments: (1) that the "some evidence" standard applied to prison disciplinary convictions "is inadequate to protect the due process rights at stake here," *see* Petitioner's Objections [Doc. 8] ("Objection") at 3; and (2) that Judge Couch erroneously states that Petitioner "does not dispute the district court's findings as to his 'extensive and repetitive litigation.'" *See* Objection at 4, *quoting* Report at 5. Petitioner argues that his ninth application raised a new claim not previously presented, that the state district court improperly denied the application based on a finding that he was attempting to relitigate a prior claim, and that he was improperly sanctioned on that basis.

Assuming this Court may properly review the state court's decision to sanction Petitioner for his litigation conduct, the Court concurs in Judge Couch's conclusion that the standard applied to prison disciplinary decisions provides an appropriate means to assess the sufficiency of the evidence to support the Sanction Order. Although research reveals no case law on this issue, the Court finds the application of the "some evidence" standard established in *Superintendent v. Hill*,

472 U.S. 445, 455 (1985), is consistent with the rationale behind that standard. The liberty interest affected is the same – a loss of earned credits toward a lawful prison sentence. Moreover, a deferential standard designed to avoid interfering with prison administration is similarly needed to avoid interference with judicial administration by state courts of prisoner cases, especially the management of abusive litigation conduct in the state court system.

The Court also concurs in Judge Couch's conclusion that the facts underlying the Sanction Order provide ample support for the state court's decision. This was not the first sanction imposed on Petitioner for frivolous filings in his state court criminal case. According to the Sanction Order and Petitioner's evidence submitted with the Objection, Petitioner has both a lengthy litigation history with respect to post-conviction challenges and a history of sanctions related to such challenges.[1] The state district court plainly stated in the Sanction Order the conduct that was found to warrant the imposition of sanctions: Petitioner had repeatedly filed frivolous claims and had "ignored the previous admonishments and sanctions." *See* Sanction Order at 2. The court also expressly concluded: "Petitioner's continued abuse of the judicial system subjects him to sanctions." *See id*. Notwithstanding Petitioner's argument that the state district court wrongly denied his ninth application on the ground of *res judicata*,[2] the record is clear that Petitioner sought

---

[1] *The state district court had previously "sanctioned Petitioner three times for filing frivolous pleadings." See Sanction Order at 1, n.1; see also Objection, Ex. A, Order Denying Petitioner's Ninth Application for Post-Conviction Relief [Doc. 8-2], at 8. The district court recited the procedural history of the case in its order denying the ninth application and directing Petitioner to show cause why he should not be sanctioned. See Objection, Ex. A [Doc. 8-2] at 2-7. Previous sanctions included filing restrictions imposed in 1999 following the disposition of Petitioner's fourth application, a monetary sanction of $300 imposed after Petitioner filed his fifth application in 2001, and a second monetary sanction of $350 imposed in 2005 in connection with his eighth application. Also, the Oklahoma Court of Criminal Appeals had imposed filing restrictions because "Petitioner, since filing his direct appeal, has attempted to appeal his conviction to this Court in Case No. CF-85-698, in one manner or another, no fewer than 11 times." See Sanction Order at 2.*

[2] *Petitioner argues that the doctrine of res judicata was inapplicable because he was bringing a different claim than ones he had previously presented. The Court finds this issue to be unnecessary to the disposition of this case, which does not concern the merits of the order denying Petitioner's ninth application.*

to raise issues that were procedurally barred under state law. *See* Objection, Ex. A, Order Denying Petitioner's Ninth Application for Post-Conviction Relief [Doc. 8-2], at 8 ("As this claim is procedurally barred there is no need to address the merits of the issues presented."). The question presented by the Petition is whether the state district court lacked any factual basis in the record to support its conclusion that Petitioner had engaged in abusive litigation conduct warranting sanctions. The answer to this question is clear.

Because the Sanction Order is supported by some evidence in the record before the state district court, the Court fully concurs in Judge Couch's conclusion that Petitioner's alleged due process claim lacks merit and the Petition should be summarily denied. For these reasons, the Court overrules Petitioner's Objections and adopts Judge Couch's Report.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 7] is adopted and the Petition [Doc. No. 1] is denied. Judgment will be entered accordingly.

IT IS SO ORDERED this 17th day of September, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE