IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-08-769-D |
| ) | |
| GREG PROVINCE, Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner, a prisoner appearing *pro se*, has filed a Request for Certificate of Appealability and Order for Leave to Proceed on Appeal In Forma Pauperis [Doc. No. 15], concerning his pending appeal of the denial of his Petition in this habeas corpus proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1)(A).

Petitioner is entitled to a certificate of appealability (COA) upon making a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. Petitioner need not prove the merits of his case, but he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id*. at 338. (quotations omitted). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Slack*, 529 U.S. at 484. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon review of the record, and consideration of the issues identified in Petitioner's motion, the Court finds that Petitioner has failed to make the requisite showing to obtain the issuance of a COA. Petitioner states an intention to pursue two legal issues on appeal regarding (1) an improper application of the habeas standard of review (affording a presumption of correctness to a state court's legal conclusion) and (2) an improper application to his Petition of Rule 4 of the Rules Governing Section 2254 Proceedings. A review of the case file reveals that these issues were either not raised at all in this proceeding or were first raised by a post-judgment motion under Fed. R. Civ. P. 59(e). *See* Motion to Alter or Amend Judgment [Doc. No. 11] at 1 ("The presumption of correctness does not apply to 'questions of law.'"). Viewing Petitioner's arguments liberally due to his *pro se* status, Petitioner perhaps seeks simply to challenge the merits of the Court's determination that he cannot prevail on his due process challenge to the sanction order issued against him by the state district court. In the Court's view, reasonable jurists would not find this ruling debatable or wrong. Accordingly, the Court finds Petitioner's request for a COA should be denied.

To proceed *in forma pauperis* on appeal, Petitioner must show both that he is unable to pay the required fees and that the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(1) & (3). To demonstrate an inability to pay, an applicant must submit "an affidavit that includes a statement of all assets such prisoner possesses" and "a certified copy of the trust fund account statement (or

equivalent) of such prisoner." *Id*. § 1915(a) & (b).  Because Petitioner has failed to comply with these statutory requirements, the Court finds that Petitioner's request to proceed without payment of the filing fee for his appeal should be denied.

IT IS THEREFORE ORDERED that Petitioner's Request for Certificate of Appealability and Order for Leave to Proceed on Appeal In Forma Pauperis [Doc. No. 15] is DENIED.  Petitioner is advised that unless he pays the $455.00 appellate filing fee to the Clerk of Court within twenty (20) days from the date of this Order, the action may be subject to dismissal by the appellate court.

IT IS SO ORDERED this 16th day of October, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE